# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SAYLOR R. WHITE,

        Plaintiff,   :   Case No. 3:21-cv-328

                               District Judge Thomas M. Rose
- vs -                 Magistrate Judge Michael R. Merz

DAVE DENNIS CHEVROLET, et al.,

        Defendants.   :

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS OF THE STATE OF OHIO

      This case is before the Court on the Motion to Dismiss of the State of Ohio (ECF No. 21) which was filed and served February 15, 2022. The next day the Court notified Plaintiff that any memorandum in opposition was required to be filed by March 11, 2022 (ECF No. 22). Instead, on March 9, 2022, Plaintiff filed a request for a blanket extension of time to respond to all the pending motions to dismiss because he has no "staff of paralegals and researchers" and he is "battling [unspecified] health issues" (ECF No. 36).

      Under 28 U.S.C. § 1915(e), the Court is required to review any complaint filed *in forma pauperis*:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or

1

>   (B) the action or appeal --
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324; *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Dismissal is permitted under § 1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

At the time of ordering the issuance of process, the Court made only a blanket and summary finding that dismissal under 28 U.S.C. § 1915 is "not warranted at this stage of the litigation." Now that Defendants have been served with process and have responded with motions to dismiss, it is appropriate for the Court to revisit that question. Although the State of Ohio is among those Defendants filing motions to dismiss as to whom Plaintiff has sought a blanket extension of time, the Magistrate Judge finds he has not shown good cause for such an extension. Plaintiff had two

full years between the end of his Common Pleas case and the filing of this case to do the necessary research to determine which persons or entities were subject to suit.  His motion for extension of time to respond to the State's Motion to Dismiss is DENIED.

The State of Ohio seeks dismissal on the defense that suit against it in federal court is barred by the Eleventh Amendment.  The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793). It has been construed to bar suits against a State by its own citizens.  *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982).  The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury.  *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459 (1945); *Quern v. Jordan*, 440 U.S. 332 (1979).

The Eleventh Amendment applies to state-law claims brought in federal court under pendent jurisdiction, as well as § 1983 actions alleging constitutional claims brought directly against the State.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Skinner v. Govorchin*, 463 F.3d 518, 524 (6th Cir. 2006). While Congress can abrogate state sovereign immunity, it has not done so in suits under 42 U.S.C. 1983. *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990), *citing Quern v. Jordan,* 440 U.S. 332 at

341. The Eleventh Amendment is a jurisdictional bar which federal courts must raise *sua sponte*. *Fairport Int'l Exploration, Inc., v. Shipwrecked Vessel Known as the Captain Lawrence,* 105 F.3d 1078, 1082 (6th Cir. 1997); *Wilson-Jones v. Caviness*, 99 F.3d 203 (6th Cir. 1996). In *Cady v. Arenac County,* 574 F.3d 334 (6th Cir. 2009), the court opined that

> The Sixth Circuit has largely followed the "jurisdictional bar" approach in *Edelman* by holding that a federal court "can raise the question of sovereign immunity *sua sponte* because it implicates important questions of federal-court jurisdiction and federal-state comity." *S&M Brands, Inc. v. Cooper,* 527 F.3d 500, 507 (6th Cir. 2008) (citation omitted); see also *Nair v. Oakland County Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006) ("Like subject-matter jurisdiction, a sovereign-immunity defense may be asserted for the first time on appeal, and it may (and should) be raised by federal courts on their own initiative." (citations omitted)); *Mixon v. Ohio,* 193 F.3d 389, 397 (6th Cir. 1999) (stating that a federal court "may *sua sponte* raise the issue of lack of jurisdiction because of the applicability of the eleventh amendment" (citation and internal quotation marks omitted)).

*Id.* Because the Eleventh Amendment is a jurisdictional bar, it should have been raised *sua sponte* before process was issued in this case.

**Conclusion**

Because suit against the State of Ohio for damages on the allegations made in the Complaint is barred by the Eleventh Amendment, the Magistrate Judge respectfully recommends the Complaint be dismissed without prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 26, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #