IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SAYLOR R. WHITE,

        Plaintiff,    :    Case No. 3:21-cv-328

                                District Judge Thomas M. Rose
- vs -                      Magistrate Judge Michael R. Merz

DAVE DENNIS CHEVROLET, et al.,

        Defendants.    :

## REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS OF THE GREENE COUNTY COURT OF COMMON PLEAS, THE FAIRBORN MUNICIPAL COURT, AND JUDGES STEPHEN WOLAVER AND BETH CAPELLI

      This case is before the Court on the Motions to Dismiss of the Greene County Court of Common Pleas and The Honorable Stephen Wolaver (ECF No. 28) and of the Fairborn Municipal Court and The Honorable Beth Capelli (ECF No. 22). The Motions were filed on February 16, 2022, and served on Plaintiff by mail the same day. Under S. D. Ohio Civ. R. 7.2, Plaintiff's opposition if any was due to be filed by March 14, 2022. Magistrate Judge Caroline Gentry, to whom this case was previously referred, notified Plaintiff of the date his responses were due (ECF No. 31).

      Instead of filing a response, Plaintiff has filed a blanket request for an extension of time to file responses because he does not have a "large staff of paralegals and researchers" and has been

1

"battling some [unspecified] health issue." (ECF No. 36, PageID 356). At least with respect to the Pleas Courts and Judges Wolaver and Capelli, Plaintiff has not shown good cause for an extension.

The Greene County Common Pleas Court and the Fairborn Municipal Court seeks dismissal because they are not *sui juris, i.e.,* entities which are capable of being sued. Plaintiff filed this case *pro se* almost two years after his case ended in the Greene County Court. According to his Affidavit of Indigency, he is not employed and has not received any income from employment since August 2005 (ECF No. 1, PageID 2). Thus he could have devoted adequate time since suffering the wrongs alleged in the Complaint to do the research to learn whether a Common Pleas Court or an Ohio municipal court are proper defendants in a case such as this. He has not shown good cause for an extension of time. The same logic applies to his suit against Judges Wolaver and Capelli -- the two years after dismissal was adequate time to learn about judicial immunity. Plaintiff's Motion for a blanket Extension of Time is DENIED as to the Common Pleas Court, the Fairborn Municipal Court, and Judges Wolaver and Capelli.

**Motions to Dismiss of the Greene County Common Pleas Court and the Fairborn Municipal Court:  Lack of Subject Matter Jurisdiction**

The Greene County Court of Common Pleas moves to dismiss for lack of subject matter jurisdiction because it is not *sui juris* (ECF No. 28). The Fairborn Municipal Court seeks dismissal on the same basis (ECF No. 22).

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S.

545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Capron v. Van Noorden*, 6 U.S. 126 (1804); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868)). Even if the parties fail to address jurisdiction in their briefs, "we are under an independent obligation to police our own jurisdiction." *Bonner v. Perry,* 564 F.3d 424, 426 (6th Cir. 2009) (quoting *S.E.C. v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001)).

The Motions to Dismiss clearly show that the Greene County Court of Common Pleas and the Fairborn Municipal Court are not *sui juris.* (ECF No. 28, PageID 307, citing *Malone v. Ct. of Com. Pl. of Cuyahoga Cnty.,* 45 Ohio St. 2d 245, 248 N.E.2d 126 (1976) that a court can neither sue nor be sued absent "express statutory authority." *See also State ex rel. Mayer v. Cincinnati*, 60 Ohio App. 119, 120 (1938) (a money judgment against a court, including costs and attorney's fees, is void); *Ebbing v. Butler County Court of Common Pleas*, 2010 U.S. Dist. LEXIS 13233 (S.D.

3

Ohio 2010); *Burton v. Hamilton County Juvenile Court*, 2005 U.S. Dist. LEXIS 39775 (S.D. Ohio 2005). Sixth Circuit precedent is in accord. *Cooper v. Rapp*, 2017 U.S. App. LEXIS 13650, at *15 (6th Cir. July 25, 2017) *citing State ex rel. Cleveland Mun. Court v. Cleveland City Council,* 34 Ohio St.2d 120 (1973); *Cimerman v. Cook*, 561 F. App'x. 447, 450 (6th Cir. 2014).

**Motions to Dismiss of Judges Wolaver and Capelli**

Judges Stephen Wolaver and Beth Capelli move to dismiss the case against them based on their absolute judicial immunity[1] (ECF No. 22, PageID 277; ECF No. 23, PageID 290).

The common law absolute immunity of judges was first recognized in this country in *Bradley v. Fisher,* 80 U.S. 335, 355 (1872). It was explicitly extended to actions under 42 U.S.C. § 1983 in *Pierson v. Ray,* 386 U.S. 547 (1967), and *Stump v. Sparkman*, 435 U.S. 349 (1978).

"The doctrine of judicial immunity exists 'not for the protection of a malicious or corrupt judge' but for 'the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequence.'" *King v. McCree,* 573 Fed. Appx. 430 (6th Cir. July 21, 2014), quoting *Pierson*.

The immunity is lost only when judges act in the clear absence of all jurisdiction. *Pierson* at 362; *King v. Love*, 766 F.2d 962 (6th Cir. 1985); *Schorle v. City of Greenhills,* 524 F. Supp. 821, 828 (S.D. Ohio 1981). Only absence of subject matter jurisdiction vitiates immunity, not absence of personal jurisdiction. *Holloway v. Brush*, 220 F.3d 767 (6th Cir. 2000)(en banc). Limited jurisdiction judges, such as judges of municipal courts in Ohio, are absolutely immune from damages for acts in excess but not in clear absence of jurisdiction. *Id.* While subject matter

---

[1] These Defendants also assert dismissal is warranted under *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983), as well as for other reasons. Because the absolute immunity defense is clear and dispositive, the Magistrate Judge offers no analysis of the other defends.

4

jurisdiction may be narrowly construed for other purposes, when the issue is judicial immunity, it is to be broadly construed. *Duty v. City of Springdale, Arkansas,* 42 F.3d 460, 461 (8th Cir. 1994). Conversely, exceptions to judicial immunity are to be narrowly construed. *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985). A judge does not act in the clear absence of all jurisdiction if he or she merely acts in excess of his or her authority. *Norfleet v. Renner*, 924 F.3d 317 (6th Cir. 2019); *Doe v. McFaul*, 599 F. Supp. 1421, 1431 (N.D. Ohio 1984). A judge remains immune when his or her court has subject matter jurisdiction, even if he or she has lost personal authority to decide the case by virtue of the filing of an affidavit of disqualification. *Stern v. Mascio*, 262 F.3d 600 (6th Cir. 2001); see also *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639 (6th Cir. 2014).

Plaintiff does not allege either Judge Wolaver or Judge Capelli perform any act outside the subject matter jurisdiction of their courts. Municipal courts in Ohio are courts of original and bindover jurisdiction for felony charges; Ohio Common Pleas Courts are courts of general jurisdiction which includes trial of felonies. White does not allege any acts by either Judge Capelli or Judge Wolaver outside the scope of those defined duties. If they committed errors in handling those cases, White's remedy is in the Ohio Court of Appeals, and not under 42 U.S.C. § 1983.

**Conclusion**

The Magistrate Judge therefore respectfully recommends that the Complaint herein be dismissed with prejudice as to Defendants the Greene County Court of Common Pleas, the Fairborn Municipal Court, and Judges Stephen Wolaver and Beth Capelli. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a

certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 25, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #