IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SAYLOR R. WHITE,

        Plaintiff,    :    Case No. 3:21-cv-328

                            District Judge Thomas M. Rose
- vs -                    Magistrate Judge Michael R. Merz

DAVE DENNIS CHEVROLET, et al.,

        Defendants.    :

## REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS

This case is before the Court on the Motion for Judgment on the Pleadings of Defendants Beavercreek Police Department and Officer Brad Piesacki (ECF No. 9); and to Dismiss for failure to state a claim of the Montgomery County Jail (ECF No. ECF No. 33); the Greene County Prosecutor's Office (ECF No. 29); and Fairborn Jail (ECF No. 20).

At Plaintiff's request, the Court expanded his time to respond to the Motions docketed at ECF Nos. 19, 20, 29 and 33 to including April 11, 2022 (Order at ECF No. 43).  No opposition has been filed and the extension has expired.

Municipal police departments are not suable entities.  That is, they are not *sui juris*. *Williams v. Dayton Police Dept.,* 680 F. Supp. 1075 (S. D. Ohio 1987)(Rice, J.).  They are departments of the particular city where they operate, and not independent of the city government.

1

The same thing is true of both the Montgomery County Jail and the Beavercreek Jail. Neither is a separate entity which is *sui juris*, i.e., can be sued as an entity. Instead they are merely buildings or spaces used by Montgomery County and the City of Beavercreek for detaining those who have been arrested and are being detained in lieu of bond or until a bond is set.

Finally there is no suable entity known as the Greene County Prosecutor's Office. The elected County Prosecutor or his appointed assistants are liable to suit, but not the office itself. They are only suable for their own violations of the law, including the United States Constitution. On that basis the Complaint should be dismissed as to the Beavercreek Police Department, the Greene County Prosecutor's Office, and the Montgomery County and Beavercreek Jails.

Defendant Detective Brad Piesacki moves for judgment on the pleadings on the same basis as the Beavercreek Jail (failure to state a claim), but also because the suit is barred by the statute of limitations (ECF No. 9). Unlike the jail, Detective Piesacki is subject to suit in his individual capacity as a public officer.

Plaintiff purports to sue all the Defendants "jointly and severally" (Complaint, ECF No. 2, PageID 81). Defendant Brad T. Piesecki is alleged to have been a Detective in the Beavercreek Police Department, at all times relevant to this Complaint, and a resident of the Germantown, Ohio. *Id.* at PageID 82.

Plaintiff alleges that on July 24, 2019, he called the police to report that he was the victim of a crime, but when the unnamed officer appeared at his home, he arrested White on an outstanding warrant (*Id.* at PageID 84) and booked him in the Montgomery County jail, being released on his own recognizance the next day. *Id.* He was indicted August 2, 2019, and claims he went to the Greene County Courthouse in order to be served but had to wait several hours for

2

Defendant Detective Piesacki. *Id.* at PageID 85. He then had to transport himself to the Greene County Courthouse many times until the case was dismissed on December 9, 2019. *Id.* 85.

This case arises from what White perceives as the failure of Dave Dennis VW to repair his car properly and that company's eventual suit against him for the repair cost. After the civil suit was dismissed, White alleges Detective Piesacki sent him a letter accusing him of lying and defrauding Dave Dennis. *Id.* at ¶ 45. He also accuses Dave Dennis of filing a false police report. *Id.* at ¶¶ 52-53.

In his Fourth Cause of Action, White accuses Piesacki of wrongfully pursuing these false charges. *Id.* at PageID 90. "What Piasecki did, was to accuse Plaintiff of stealing from Dave Dennis and questioned his Character, basically accused him of lying, and made some threats to the Plaintiff as well as, Defamation of Character, Slander and Libel."[1] *Id.* White alleges Piesacki pressed forward with the charges when he knew the charges were false. *Id.* at PageID 91.

White then accuses Prosecutor Stephen Haller, Assistant Prosecutor Suzanne Schmidt, the Fairborn Municipal Court, and the Greene County Common Pleas Court, Judge Wolaver, Judge Copelli, and the State of Ohio of malicious prosecution.

## Analysis

Defendant Piesacki correctly analyzes White's claims as for malicious prosecution[2]. To the extent those claims are made under Ohio law as common law tort claims, they are are barred

---

[1] White lists defamation of character, slander, and libel in the headings of several of his causes of action, but none of them actually state a claim for relief of the nature under either stage or federal law.
[2] Although White makes Eighth Amendment cruel and unusual punishment claims against the Beavercreek and Montgomery County Jails, those entities are not sui juris.

for lack of subject matter jurisdiction in this Court because none of the Defendants is a citizen of a different State from Plaintiff and therefore there is no diversity of citizenship jurisdiction. If the Plaintiff intends to accuse Defendants of violating his constitutional rights under 42 U.S.C. § 1983, then his suit is barred by the statute of limitations.

White accuses various Defendants of malicious prosecution, but also mentions that he was indicted by the grand jury. To prevail on a § 1983 malicious prosecution claim, a plaintiff must show that his prosecution was initiated without probable cause. *Fox v. DeSoto,* 489 F.3d 227, 237 (6th Cir. 2007). "[T]he finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006). Under Ohio law, an indictment is "prima facie evidence of probable cause and a plaintiff must bring forward substantial evidence to rebut this" to succeed on a malicious prosecution claim. *Harris v. United States*, 422 F.3d 322, 327 (6th Cir. 2005). While White avers that everyone involved in the case on the other side knew or should have known there was no probable cause to believe he committed a crime the grand jury, which is the critical actor, found probably cause.

Once the trial was completed (December 9, 2019) and White had been acquitted, he had one year to bring suit for malicious prosecution. *Filer v. Polston*, 886 F. Supp. 2d 790, 794 (S.D. Ohio 2012), quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Because the case was not filed until December 9, 2021, it is barred by the statute of limitations.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Defendants Greene County Prosecutor's Office, Montgomery County Jail, Beavercreek Jail, Brad Piesacki, and the Fairborn Jail be dismissed with prejudice.

April 12, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #