IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SAYLOR R. WHITE,

            Plaintiff,      :      Case No. 3:21-cv-328

                                    District Judge Thomas M. Rose
- vs -                        Magistrate Judge Michael R. Merz

DAVE DENNIS CHEVROLET, et al.,

            Defendants.    :

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

      This case is before the Court on the Motion of Defendants Dave Dennis, Inc., and Emily Augsperger (the "Moving Defendants") to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 6). Plaintiff opposes the Motion (ECF No. 16), and the moving Defendants have filed a Reply in support (ECF No. 18).

      The Moving Defendants argue the Court does not have original jurisdiction "over the state-law claims asserted against Movants, and supplemental jurisdiction would be inappropriate because those claims do not share a common nucleus of operative fact with any of Plaintiff's claims against the other Defendants over which this Court might have subject-matter jurisdiction." (Motion, ECF No. 6, PageID 116.)

From the face of the Complaint, it appears Plaintiff asserts breach of contract and defamation claims against David Dennis and Ms. Augsperger, the first for failing to repair his car and the latter for filing a false police report against him.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Capron v. Van Noorden*, 6 U.S. 126 (1804); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014).

The Moving Defendants assert that they are Ohio citizens, as is the Plaintiff. The same allegations of Ohio citizenship are made by plaintiff in the Complaint. Thus there is no basis for diversity of citizenship jurisdiction under 18 U.S.C. § 1332. Furthermore, breach of contract and defamation are not claims for relief arising under federal law, thus failing to support federal question jurisdiction under 28 U.S.C. § 1331.

Finally the Moving Defendants deny that the claims against them arise out of the same nucleus of operative facts as the claims against the remaining Defendants. A common core of operative facts would support supplemental jurisdiction under 18 U.S.C. § 1367 which provides:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Claims are part of "the same case or controversy" when they "derive from a common nucleus of operative facts." *Hucul Advertising, LLC v. Charter Township Of Gaines*, 748 F.3d 273, 280 (6th Cir.2014). The claims must be such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding… ." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). "Where the evidence needed to prove one claim differs materially from that needed to prove the purportedly supplemental claim, the claims do not derive from a common nucleus of operative facts." *Corpas v. Essex,* No. 20-cv-1806, 2021 WL 1555004, *2 (N.D. Ohio) (citing *Sneed v. Wireless PCS Ohio #1, LLC,* No. 1:16CV1875, 2017 WL 879591, at *3 (N.D. Ohio); *Cleveland Constr. Inc. v. AJM Contractors, Inc.,* No. 1:12 CV 1680, 2014 WL 12745626, at *1 (N.D. Ohio)). Plaintiff claims that Augsperger, asserted to be the manager at Dave Dennis, is at the heart of the whole controversy: her false police report, motivated by her racial bias against White, instigated the whole criminal process and White suffered violations of his civil rights along the way at the hands of various state actors.

The question of whether the whole string of asserted federal law violations are part of a common nucleus of operative fact with the asserted defamation, slander, and breach of contract is an interesting one, since what White claims binds them all together is the asserted racial bias of all the Defendants who Plaintiff alleges all worked together to harm him because of his race. However, the Magistrate Judge has already recommended dismissal of the claims which would provide that basis in federal law. The Beavercreek Police Department, the Fairborn Jail, the Greene County Prosecutor's Office, the Greene County Court of Common Pleas, the Fairborn Jail,

and the Montgomery County Jail are all not *sui juris*; Plaintiff's suit against Detective Piesecki is barred by the statute of limitations; Judges Wolaver and Capelli have absolute judicial immunity; and the State of Ohio has sovereign immunity from suit in federal court under the Eleventh Amendment. Greene County Prosecutor Haller and Assistant Suzanne Schmidt are the subject of a recommendation to dismiss filed today.

Assuming the District Court adopts the Magistrate Judge's recommendations on the other Defendants, there will no longer be a basis for supplemental jurisdiction over White's state law claims against Dennis and Augsperger. On that basis, the Motion to Dismiss for lack of subject matter jurisdiction should be granted and the Complaint as to them dismissed with prejudice.

April 14, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #